# CHARLESTON.

WILLIAM S. HUBBARD v. LANE SCHOFIELD.

Submitted April 20, 1920.    Decided April 27, 1920.

NEW TRIAL—*Exclusion from Jury of Relevant and Material Evidence May Be Ground for New Trial.*

Exclusion of relevant and material evidence on a trial by jury is error, and, if it relates to a vital issue and the state of the evidence is such that the court cannot say, as matter of law, a verdict in favor of the exceptor and losing party could not stand, it is cause for a new trial.

Error to Circuit Court, McDowell County,

Action by William S. Hubbard against Lane Schofield. Judgment for plaintiff, and defendant brings error.

*Reversed, verdict set aside, remanded,*

*B. Randolph Bias,* for plaintiff in error.
*Anderson, Strother, Hughes & Curd,* for defendant in error.

POFFENBARGER, JUDGE:

In this action by a sub-agent to recover commissions from the principal agent, the leading issues were whether the plaintiff had forfeited all right to commission, by infidelity and disloyalty to his principal and fraudulent conduct working prejudice to the latter and advantage to himself, and, if not, whether the defendant was entitled to a large set-off or recoupment claim for commission paid, on the ground that the plaintiff had not earned it, the payment having been made in ignorance of the facts and circumstances under which the sale was made.

In his bill of particulars, the plaintiff claimed items amounting in the aggregate to $2,000.06, but his proof seems to establish right in him to only a little over $900.00, provided his conduct does not preclude recovery of anything. The defendant's notice of set-off or recoupment specifies two items amounting to $1,556.41, one of which is $1,318.41 for unearned commission on a certain sale, paid under mistake. The jury found for the plaintiff and assessed his damages at $958.42 of which $37.69 was remitted, and judgment was rendered for $920.73.

Both parties had been selling mining supplies for the Miller Supply Company, in a limited territory, under· a contract allowing the defendant commissions, which he had been dividing with the plaintiff, agreeably to a contract between them which required the latter to devote his entire time to the business of the Miller Supply Company. The defense is predicated largely upon the theory that the plaintiff colluded with an agent of another concern selling supplies in competition with the Miller Supply Company, and actually made sales for the competitor, or assisted in doing so, and took a share of the commissions allowed its agents. The evidence tends to show an attempt on his part to divert the sale on which the $1,318.41 commission was paid him, to said competitor and that the sale was made by the Miller Supply Company, without his assistance and despite his effort to prevent it. In another instance, he actually made a sale of supplies of the competing company, to a concern whose representative says he bought them under the impression that they were to come from the Miller Supply Company. These transactions are partially admitted by the plaintiff, but his admissions are accompanied by explanatory testimony. One ground of excuse is that the sales were made to parties doing business outside of the territory prescribed by the agency contract.

But the trial court did not admit all of the testimony offered to establish the defendant's theory. He was not permitted to have the agent of the competing company, with whom the plaintiff is charged with having colluded and conspired, testify to certain facts bearing upon the issue. If permitted, the witness would have sworn there was an agreement between him and the plaintiff for a division of profits. He was allowed to say such a division would have been made, if an attempt by him and the plaintiff to make a certain large sale had been successful, but not to say they had a general working agreement providing for division of profits. The court excluded a question seeking disclosure of the number of instances of actual division of commissions between them. In resistance of the argument built upon these rulings, it is insisted that the subject matter of the evidence excluded was disclosed by other evidence in the case, but it was not. It bore directly upon the vital and con-

86 W. Va.

trolling issue in the case and the evidence offered should have been admitted, even though there were other facts and circumstances tending to prove the ground of defense. The defendant was entitled to the benefit of all the evidence he could produce in support of his theory of defense. *State* v. *Moyer,* 58 W. Va. 146. Nor can it be said the error was not prejudicial, for the court cannot say the plaintiff's case is so clearly established that a verdict against him could not stand.

The only other grounds of complaint insisted upon are alleged excessiveness of the verdict and contradiction between it and the evidence. In as much as the case was not fully developed in the evidence, and both grounds are dependent upon the evidence and it may be materially changed upon a new trial, we refrain from inquiry as to their tenableness in the present state of the case.

The judgment will be reversed, the verdict set aside and the case remanded for a new trial.

*Reversed, verdict set aside, remanded.*